**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NORMAN VIGIL,

Plaintiff,

v. CIV No. 16-47 KG/KK

NEW MEXICO PUBLIC
EDUCATION DEPARTMENT,

Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court upon United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed January 4, 2017, (Doc. 80). In the PFRD, the Magistrate Judge recommended that *Defendant's Motion to Dismiss the First, Second and Third Causes of Action of Plaintiff's Complaint Based on Exhaustion Defects* (the "Motion to Dismiss"), (Doc. 15), be granted.

The parties were notified that written objections to the PFRD were due within 14 days. (Doc. 80 at 11). Plaintiff filed *Plaintiff's Objections to Proposed Findings and Recommended Disposition Regarding Defendant's Motion to Dismiss* (the "Objections"), (Doc. 88), on January 18, 2017. After a *de novo* review of the record and the PFRD, the Court adopts Judge Garza's PFRD in its entirety.

## I. Procedural Background

Plaintiff filed his *Complaint for Damages for Discrimination and Retaliation* (the "Complaint") in the First Judicial District Court for the State of New Mexico. (Doc. 1 at 1). In the Complaint, Plaintiff alleges that Defendant violated his rights under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12101 *et seq*.; the New Mexico Human Rights Act ("HRA"), NMSA 1978, §§ 28-1-1 *et seq*.; the New Mexico Whistleblower Protection Act ("WPA"), NMSA 1978 §§ 10-16C-1 *et seq*.; and committed the common law tort of constructive discharge. (Doc. 1-1, Ex. A at 1). Plaintiff specifically asserts disability and sex discrimination in violation of the ADA, Title VII, HRA, and WPA. (Doc. 1-1, Ex. A at 8-11; *See* Doc. 38 at 2 n.1). Plaintiff also alleges constructive discharge and retaliation in violation of the ADA and HRA. (Doc. 1-1, Ex. A at 8-11; *See* Doc. 38 at 2 n.1). On January 22, 2016, Defendant removed the case to this Court. (Doc. 1).

Defendant moved to dismiss the first, second, and third causes of action in the Complaint for failure to exhaust administrative remedies. (Doc. 17). Plaintiff filed his *First Amended Complaint for Damages for Discrimination and Retaliation* (the "Amended Complaint") after he filed *Plaintiff's Response to Defendant's Motion to Dismiss*. (Doc. 19). In the Amended Complaint, Plaintiff alleged that he exhausted his administrative remedies for all of his claims. (*See* Doc. 33). Thereafter, Defendant filed a notice with the Court agreeing to partially withdraw its Motion to Dismiss. (*See* Doc. 38). Presently before the Court is Defendant's argument that Plaintiff's retaliation claims based on the ADA and HRA, as set forth in the first and third causes of action, (*See* Doc. 33 ¶¶ 70, 80, 81), should be dismissed for failure to exhaust administrative remedies. (Doc. 38 at 1, 3).

The Court referred Defendant's Motion to Dismiss to Judge Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 75). Judge Garza concluded that Plaintiff had not exhausted his administrative remedies as to the retaliation claims. Accordingly, Judge Garza ultimately recommended that Defendant's Motion to Dismiss be granted. Plaintiff subsequently filed his Objections to the PFRD.

## I. Objections

### A. *Law Relating to Objections*

After a magistrate judge files a recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In addition, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (internal citations omitted).

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

### B. *Plaintiff's Objections to the PFRD*

In the PFRD, Judge Garza concluded that Plaintiff did not exhaust his administrative remedies with regard to the retaliation charges based on the Charge of Discrimination (the "Charge") filed with the Equal Employment Opportunity Commission ("EEOC").

Plaintiff objects to Judge Garza's ultimate finding. Specifically Plaintiff objects to the PFRD because Judge Garza (1) failed to construe ambiguity in the Charge in Plaintiff's favor; and (2) refused to consider the Intake Questionnaire as evidence of Plaintiff's intent to pursue

retaliation claims. (Doc. 88 at 8-10). Defendant did not respond to Plaintiff's Objections and the time to do so has passed.

*1. Construing Ambiguity in the Charge*

In the PFRD, Judge Garza found that Plaintiff did not allege retaliatory actions in his Charge. Judge Garza made this finding by looking at the allegations in the Charge. The Court's "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (emphasis in original). Therefore, based on the Charge, Judge Garza determined that Plaintiff did not allege retaliatory actions.

In the Objections, Plaintiff argues that the Charge contained facts which were related to retaliatory acts; therefore, the scope of the Charge included retaliation. (Doc. 88 at 7) (citing *Jones*, 502 F.3d at 1186-87). Plaintiff states that he included a harassment allegation in the Charge because he wanted to pursue a retaliation claim. (Doc. 88 at 9). Plaintiff claims that Judge Garza improperly construed ambiguity in the Charge against Plaintiff. (Doc. 88 at 8).

As Judge Garza stated in the PFRD, Title I of the ADA requires a plaintiff to exhaust his administrative remedies prior to filing a lawsuit. *Jones*, 502 F.3d at 1183 (citing *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005)). To exhaust a claim, a plaintiff must first file a Charge with the EEOC. *Id*. (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 n. 1 (10th Cir. 1996)).

If a plaintiff filed a Charge, the Court must "determine the scope of the allegations raised in the EEOC charge because '[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'" *Id*. at 1186 (quoting *MacKenzie*, 414 F.3d at 1274)

(citing *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000) ("[T]he facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim.")). The Court should liberally construe charges that are filed with the EEOC in deciding whether a claim has been administratively exhausted. *Id.* However, the Charge must contain facts about the discriminatory and retaliatory actions alleged. *Id.* "The failure to mark a particular box creates a presumption that the charging party is not asserting claims," but the presumption may be rebutted "if the text of the charge clearly sets forth the basis of the claim." *Id*. (citing *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998)).

In his Charge, Plaintiff checked the boxes for sex and disability discrimination, but did not check the retaliation box. In the narrative portion of the Charge, Plaintiff wrote:

> STATEMENT OF HARM: I've been employed by the [Defendant] since 1997 and my current position is IT Systems Manager-IV. I have been harassed by the Deputy Secretary and denied reasonable accommodation requests. I am aware of female employees who have been given reasonable accommodations and I have never been given a valid reason as to why my requests have been denied. I am currently on Workman's Comp[ensation] leave due to the situation at work.
>
> STATEMENT OF DISCRIMINATION: I believe I have been discriminated against due to my sex (Male) and due to disability and this is in violation of Title VII of the Civil Rights [A]ct of 1964, as amended and the Americans [w]ith Disabilities [A]ct.

(Doc. 17-1, Ex. A).

Plaintiff continues to argue that the statement in the Charge regarding harassment refers to the retaliation he alleges. (Doc. 88 at 9). Plaintiff also maintains that any ambiguity in the statement should be resolved in his favor. (Doc. 88 at 8). In support of his argument, Plaintiff relies on *Jones v. U.P.S.* In *Jones,* the Tenth Circuit found that although the Plaintiff did not

check the retaliation box on one page of the Charge, the information in the Charge would have triggered an administrative investigation. *Jones*, 502 F.3d at 1187.

*Jones* is distinguishable from the case at bar. First, although the Plaintiff in *Jones* did not check the retaliation box on page two of his Charge, he checked the box on page three of the Charge. *Id*. Further, the Court found that the facts in the Charge explained the "conduct underlying both his discrimination and retaliation claims. Thus, given the factual allegations contained in the charge and the fact that [Plaintiff] checked a box for retaliation, an administrative investigation of [Plaintiff's] retaliation claim 'can reasonably be expected to follow the charge of discrimination.'" *Id*. (quoting *MacKenzie*, 414 F.3d at 1274).

By comparison, in this case, Plaintiff did not mark a box for retaliation and did not allege facts that would prompt an investigation into the claim. *Id*. at 1186 (citing *MacKenzie*, 414 F.3d at 1274; *Sumser Ret. Vill.*, 209 F.3d at 853). As Judge Garza noted, Plaintiff's claim is limited by the EEOC investigation that could reasonably follow the Charge. Here, the Determination Letter from the EEOC states that "[b]ased upon the evidence and the record as a whole, there is reasonable cause to conclude that [Plaintiff] was discriminated against because of his disability and sex (male) [in] violation of the ADA and Title VII." (Doc. 19-3, Ex. 1B). The EEOC did not investigate a retaliation claim based on the Charge and the Court cannot say that the narrative in the Charge would lead to an investigation of retaliation. Thus, the Court agrees with Judge Garza that Plaintiff did not exhaust his administrative remedies with regard to the retaliation claim.

*2. Consideration of the Intake Questionnaire*

Plaintiff also objects to Judge Garza's failure to consider the Intake Questionnaire that Plaintiff filled out before filing his Charge. (Doc. 88 at 9-10). Prior to filing his Charge, Plaintiff filled out an Intake Questionnaire in which he checked the box for

retaliation. (*See* Doc. 19, Ex. 1A). Plaintiff states that "[t]he fact that [Plaintiff] intended for his complaint to include retaliation claims is supported by his EEOC Intake Questionnaire." (Doc. 88 at 10).

The Tenth Circuit has found that "it would defeat the statutory scheme to find exhaustion where an employee includes a claim in the intake questionnaire, but then omits it in a timely subsequent formal charge that forms the basis for the administrative proceedings." *Green v. JP Morgan Chase Bank N.A.*, No. 11-5153, 501 Fed. Appx. 727, 731 (10th Cir. Nov. 1, 2012) (unpublished) (citing *Barzanty v. Verizon Pa., Inc.*, No. 08-1010, 361 Fed. Appx. 411, 415 (3d Cir. Jan. 20, 2010) (unpublished)). This is because the Intake Questionnaire and Charge have different purposes. The Intake Questionnaire "facilitates 'pre-charge filing counseling' and allows the [EEOC] to determine whether it has jurisdiction to pursue a charge," and is not shared with an employer. *Barzanty*, 361 Fed. Appx. at 415 (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389 (2008)). By contrast, the Charge "serves to define the scope of the [EEOC's] investigation and to notify the defendant of the charges against it." *Id*. (citing 42 U.S.C. § 2000e-5(b) (requiring the EEOC to serve notice of a Charge, which must include the circumstances of the alleged unlawful employment action, on an employer against whom it is made . . . and to conduct an investigation)).

Plaintiff argues that Judge Garza's decision not to look at the Intake Questionnaire to determine Plaintiff's intent was a misreading of *Green*. (Doc. 88 at 9). Plaintiff states that in *Green*, the Plaintiff tried to transfer the allegations from the intake questionnaire to his Charge because the allegations were missing in the Charge. (Doc. 88 at 9). Plaintiff's arguments are unavailing.

Plaintiff asks the Court to look at the Intake Questionnaire for proof that Plaintiff intended to include the retaliation claim in his Charge. (Doc. 88 at 10) ("The fact that [Plaintiff] intended for his complaint to include retaliation claims is supported by his EEOC Intake Questionnaire."). However, this is exactly what the Tenth Circuit found that the Court cannot do. The Court will not look to the Intake Questionnaire to determine Plaintiff's intent as it would "defeat the statutory scheme." Because the Court does not find that Plaintiff alleged retaliation in the Charge, the Court finds that Plaintiff did not exhaust his claim.

**II. Conclusion**

The Court agrees with Judge Garza's recommendation that Defendants' Motion should be denied.

For the reasons stated above, the Court will **ADOPT** the magistrate judge's recommendations in the PFRD. **IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss the First, Second and Third Causes of Action of Plaintiff's Complaint Based on Exhaustion Defects*, (Doc. 15), be **GRANTED**.

UNITED STATES DISTRICT JUDGE